-PS-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SHAKIM DONNEL BRUNSON, 07-A-3164,

        Plaintiff,

    -v-

Sergeant A. JONATHAN,

        Defendant.
_____

DECISION AND ORDER
04-CV-6429L(P)

Plaintiff is an inmate proceeding *pro se*. He has paid the filing fee, and was granted permission to have service perfected by the U. S. Marshal. The Clerk of the Court issued the Summons and the U. S. Marshal returned a Notice indicating that service was completed by mailing. Nevertheless, the defendant has not answered and the action has stalled.

In this Circuit, District Courts have an obligation to assist incarcerated *pro se* litigants with service issue that they are unable to address unaided. *See Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir.1997); *Soto v. Brooklyn Correctional Facility*, 80 F.3d 34, 37 (2d Cir.1996). Further, "[t]he Marshal needs from the prisoner information sufficient to identify the guard ('John Doe No. 23'" won't do); once that information has been provided, the Marshal should be able to obtain a current business address and complete service." Ruddock v. Reno, 104 Fed.Appx. 204, *2 (2d Cir. 2004). Pro Se prisoner litigants who are granted *in forma pauperis* are entitled to rely on service by the U. S. Marshal, *Romandette v.. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir.1986) (citing Fed.R.Civ.P. 4(c)(2)), and the "Marshal's failure to accomplish the task is automatically "good cause" within the meaning of Rule 4(j)." Ruddock v. Reno, 104 Fed.Appx. 204, *2 (2d Cir. 2004) (citations omitted).

Here, plaintiff is incarcerated and proceeding *pro se*. He was granted permission to have the U.S. Marshal perfect service, was informed that service had been completed and has relied upon the U.S. Marshal and the Court for service. Therefore, there is "good cause" to extend the time in which plaintiff may serve the summons and complaint upon A. Jonathan for an additional 120 days, Fed.R.Civ.P. 4(m); *see Romandette v. Weetabix*, 807 F.2d 309, 311 (2d Cir. 1986) (interpreting Rule 4(j), the predecessor subdivision to Rule 4(m)); *Armstrong v. Sears*, 33 F.3d 182, 188 (2d Cir. 1994); *see generally Husowitz v. American Postal Workers Union*, 190 F.R.D. 53, 57-58 (E.D.N.Y. 1999) (collecting cases).

IT IS HEREBY ORDERED, that plaintiff's time in which to serve the summons and complaint is extended an additional 120 days from the date of entry of this Order. The Clerk of the Court is directed to cause the United States Marshal to re-serve the summons and complaint upon A. Jonathan at the Orleans Correctional Facility, 3531 Gaines Basin Road, Albion, New York 14422-9199, and upon DOCS' Counsel's Office at New York State Department of Correctional Services, State Campus Office Building #2, 1220 Washington Avenue, Albany, New York 12226. DOCS's Counsel's Office is directed to **either** notify A. Jonathan of service of the summons and complaint and request that A. Jonathan acknowledge service, **or** provide an address where the U. S. Marshal can attempt to serve A. Jonathan.

Further, the Court requests that the Attorney General ascertain proper addresses for A. Jonathan, pursuant to <u>Valentin v. Dinkins</u>, 121 F.3d 72 (2d. Cir. 1997) (per curiam). The Attorney General need not undertake to defend or indemnify this defendant at this juncture. This order merely provides a means by which plaintiff may properly serve the defendant as instructed by the Second Circuit in <u>Valentin</u>.

The New York State Attorney General is hereby requested to produce the information specified above by **November 12, 2008**. The Clerk of Court shall send a copy of this Order and the complaint to the Emil J. Bove, Jr., Assistant Attorney General, Office of the Attorney General, 144 Exchange Street, Rochester, New York 14614.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED:     October 8, 2008
           Rochester, New York