UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SHAKIM DONNEL BRUNSON,

                                   Plaintiff,

                                                                          <u>DECISION AND ORDER</u>

                                                                           04-CV-6429L

                    v.

SERGEANT A. JONATHAN,

                                   Defendant.
_____

       Plaintiff, Shakim Brunson, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that defendant Arnie Jonathan, who at all relevant times was a DOCS sergeant, violated his constitutional rights in January and March 2004, while plaintiff was confined at Orleans Correctional Facility.

       Defendant has moved for summary judgment on the ground that plaintiff has failed to exhaust his administrative remedies as required by the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Plaintiff's only response to the motion has been to file a motion to compel discovery, in which he states that he is unable to respond to defendant's summary judgment motion without further discovery. Dkt. #34, #38.

# DISCUSSION

As stated, the basis for defendant's motion is plaintiff's alleged failure to exhaust his administrative remedies. In that regard, the PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.*

To satisfy that requirement, prisoners in New York must follow the three-step DOCS grievance process. The first step in that process is the filing of a grievance with the Inmate Grievance Resolution Committee. Next, the inmate may appeal an adverse decision to the prison superintendent. Finally, the inmate may appeal the superintendent's decision to the Central Office Review Committee ("CORC"). *Brownell v. Krom*, 446 F.3d 305, 309 (2d Cir. 2006). In general, it is only upon completion of all three of these levels of review that a prisoner may seek relief in federal court under § 1983. *Neal v. Goord*, 267 F.3d 116, 121 (2d Cir. 2001), *overruled on other grounds by Porter v. Nussle*, 534 U.S. 516 (2002); *Campos v. Correction Officer Smith*, 418 F.Supp.2d 277, 278 (W.D.N.Y. 2006).

In support of his motion, defendant has filed a declaration by Karen Bellamy, the Director of the DOCS Inmate Grievance Program. She states that a search of the CORC files, logs, and database has revealed "no record ... indicating that plaintiff appealed any grievance determination to CORC concerning events taking place in 2004, or thereafter at Orleans Correctional Facility." Dkt. #29 at 6, ¶ 4. She adds that plaintiff has appealed only two grievances to CORC, both of which

were filed in 2002, and neither of which concerns the events giving rise to plaintiff's claims in this case. *Id.* ¶ 5.

Again, plaintiff's only response has been to contend that he needs discovery. Pursuant to Rule 56(f), the Court may deny summary judgment where the opposing party "cannot for reasons stated present by affidavit facts essential to justify the party's opposition." Fed. R. Civ. P. 56(f). A party opposing a motion for summary judgment on that ground must file an affidavit describing: (I) the information sought and how it will be obtained; (ii) how it is reasonably expected to raise a genuine issue of material fact; (iii) prior efforts to obtain the information; and (iv) why those efforts were unsuccessful. *American National Red Cross v. Nichols Team, Inc.*, 434 F.Supp.2d 142, 143 (W.D.N.Y. 2006) (citing *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994)).

Plaintiff has not met those requirements under Rule 56(f). His motion to compel (Dkt. #34) simply states that "the defendant has failed to answer [plaintiff's] discovery request," and that "plaintiff iss enable [sic] to answer the summary judgment without the discovery request." His response to defendant's motion (Dkt. #38) similarly states, in conclusory fashion, that "[p]laintiff CAN NOT complete a successful motion for Summary Judgement, without the answers to the interrogatories, admission, document, deposition." Such broad, conclusory statements fail to demonstrate how or why plaintiff's ability to respond to the summary judgment motion is impaired by his lack of discovery. That is particularly so, given that plaintiff himself should presumably know what steps, if any, he took to pursue any grievances concerning the matters at issue in this lawsuit.

In response to plaintiff's motion to compel, defendant notes that he served his initial disclosures upon plaintiff on April 22, 2009 (Dkt. #21), and that plaintiff's motion to compel was

filed on September 29, 2009, two and a half months after the July 15, 2009 deadline for filing a motion to compel under the Court's most recent scheduling order issued on March 5, 2009 (Dkt. #17).[1] Defendant contends that plaintiff's motion to compel should therefore be denied as untimely.

I agree with defendant that plaintiff's motion is untimely, and I deny it on that ground. Plaintiff has presented no reason for the tardiness of his motion. As to defendant's summary judgment motion, although the Court could simply grant defendant's motion based on plaintiff's failure either to comply with Rule 56(f) or to present admissible evidence demonstrating the existence of any genuine issues of material fact, I am also mindful that "[p]ursuant to Rule 56(f), district court have a duty to ensure that the parties have been afforded a reasonable opportunity to complete the record before ruling on a motion for summary judgment." *Wright v. Eastman Kodak Co.*, 550 F.Supp.2d 371, 381-82 (W.D.N.Y. 2008). In addition, the court has an "obligation ... to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Sims v. Wegmans Food Markets*, ___ F.Supp.2d ___, 2009 WL 4827067, at *5 (W.D.N.Y. 2009) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Although both defendant's motion papers (Dkt. #31) and the Court's motion scheduling order (Dkt. #33) apprised plaintiff of the nature of a motion for summary judgment, the manner in which he was required to respond, and the consequences if he failed to do so, it is possible that plaintiff was unaware of what was required in order for him to successfully oppose defendant's motion under Rule 56(f). In light of plaintiff's *pro se* status, therefore, the Court will give plaintiff an additional

---

[1] That scheduling order also set June 15, 2009 as the discovery completion date, and September 15, 2009 as the deadline for filing dispositive motions. Plaintiff filed several discovery requests on July 10, 2009 (Dkt. ##23-26). Defendant filed his summary judgment motion on September 14, 2009.

opportunity to respond to defendant's motion, as set forth in the Conclusion of this Decision and Order.

## CONCLUSION

Plaintiff's motion to compel discovery (Dkt. #34) is denied as untimely, pursuant to the scheduling order issued by this Court on March 5, 2009 (Dkt. #17).

Plaintiff is directed to file a supplemental response to defendant's motion for summary judgment no later than **February 5, 2010**. If plaintiff seeks to oppose defendant's motion on the ground that plaintiff needs further discovery, he must file an affidavit under Fed. R. Civ. P. 56(f) describing: (I) the information sought and how it will be obtained; (ii) how it is reasonably expected to raise a genuine issue of material fact; (iii) prior efforts to obtain the information; and (iv) why those efforts were unsuccessful. Such affidavit must describe those matters with enough specificity to allow the Court to determine whether plaintiff should be afforded further discovery before the Court rules on defendant's motion.

Alternatively, if plaintiff seeks to oppose defendant's motion for summary judgment on the merits, plaintiff is advised–again–that he may not simply rest upon the mere allegations of his complaint, but must instead submit sworn affidavits or other papers setting forth specific facts showing that there is a genuine issue for trial, as set forth in Rule 56(e) and in this Court's motion scheduling order issued on September 17, 2009 (Dkt. #33).

If plaintiff does not so respond under Rule 56(e) or Rule 56(f), summary judgment, if appropriate, may be entered against him, and his claims dismissed without a trial.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 6, 2010.