UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHAKIM DONNEL BRUNSON,

                                    Plaintiff,

                                                                    DECISION AND ORDER

                                                                    04-CV-6429L

                        v.

SERGEANT A. JONATHAN,

                                    Defendant.
_____

## INTRODUCTION

Plaintiff, Shakim Brunson, appearing *pro se*, commenced this action under 42 U.S.C. § 1983.

Plaintiff, an inmate in the custody of the New York State Department of Correctional Services

("DOCS"), alleges that defendant Arnie Jonathan, who at all relevant times was a DOCS sergeant,

violated his constitutional rights in January and March 2004, while plaintiff was confined at Orleans

Correctional Facility ("Orleans"). The January 2004 claim generally involves plaintiff's not being

provided with a mattress to sleep on, and the March 2004 claim concerns a pat frisk by a female

correction officer, to which plaintiff objected on religious grounds.

Defendant has moved for summary judgment on the ground that plaintiff has failed to exhaust

his administrative remedies as required by the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C.

§ 1997e(a). Plaintiff responded by filing a motion to compel discovery.

On January 6, 2010, the Court issued a Decision and Order denying plaintiff's motion to

compel as untimely, and directing him to file a supplemental response to defendant's motion for

summary judgment.  677 F.Supp.2d 640.  The Court indicated that plaintiff could seek to oppose defendant's motion either on the ground that plaintiff needed further discovery, or on the merits, and the Court advised plaintiff of what was required of him procedurally in order to do so.  *Id.* at 642-43.

Plaintiff did then file a response to defendant's motion, together with a cross-motion for summary judgment in his favor.  Dkt. #43.  Having reviewed plaintiff's response and cross-motion, as well as the complaint and defendant's motion papers, the Court grants defendant's motion for summary judgment, denies plaintiff's cross-motion, and dismisses the complaint.


**DISCUSSION**

**I. Exhaustion under the PLRA**

As stated, the basis for defendant's motion is plaintiff's alleged failure to exhaust his administrative remedies.  The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  *Id.*

To satisfy that requirement, prisoners in New York must follow the three-step DOCS grievance process.  The first step in that process is the filing of a grievance with the Inmate Grievance Resolution Committee ("IGRC").  Next, the inmate may appeal an adverse decision to the prison superintendent.  Finally, the inmate may appeal the superintendent's decision to the Central Office Review Committee ("CORC").  *Brownell v. Krom*, 446 F.3d 305, 309 (2d Cir. 2006).

In general, it is only upon completion of all three of these levels of review that a prisoner may seek relief in federal court under § 1983. *Neal v. Goord*, 267 F.3d 116, 121 (2d Cir. 2001), *overruled on other grounds by Porter v. Nussle*, 534 U.S. 516 (2002); *Campos v. Correction Officer Smith*, 418 F.Supp.2d 277, 278 (W.D.N.Y. 2006). The Second Circuit has explained that a prisoner's failure to exhaust may be excused, however, where: (1) administrative remedies were not in fact available; (2) prison officials have forfeited, or are estopped from raising, the affirmative defense of non-exhaustion; or (3) "special circumstances ... justify the prisoner's failure to comply with administrative procedural requirements." *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004) (internal quotation marks omitted). As the Second Circuit has explained,

> [d]efendants may ... be estopped from raising non-exhaustion as an affirmative defense when prison officials inhibit an inmate's ability to utilize grievance procedures. Additionally, exhaustion may be achieved in situations where prison officials fail to timely advance the inmate's grievance or otherwise prevent him from seeking his administrative remedies, where claims are fully exhausted through other administrative procedures which were pursued for good reasons, or where defendants have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it.

*Abney v. McGinnis*, 380 F.3d 663, 667 (2d Cir. 2004) (citations omitted).


## II. Exhaustion in this Case

In support of his motion for summary judgment, defendant has filed a declaration by Karen Bellamy, the Director of the DOCS Inmate Grievance Program. She states that a search of the CORC files, logs, and database has revealed "no record ... indicating that plaintiff appealed any grievance determination to CORC concerning events taking place in 2004, or thereafter at Orleans Correctional Facility." Dkt. # 29 at 6, ¶ 4. Bellamy adds that plaintiff has appealed only two

grievances to CORC, both of which were filed in 2002, and neither of which concerns the events giving rise to plaintiff's claims in this case. *Id.* ¶ 5.

In his response and cross-motion, plaintiff states that he "filed his first complaint dated January 21, 2004 to Superintendent of Orleans and received a decision from captain Hollander dated March 11, 2004." Dkt. #43 at 2. Based on the documents submitted by plaintiff, it appears that on January 21, 2004, he sent a letter (rather than a formal grievance) to an official at Orleans, who forwarded it to Captain G. Hollander. Hollander passed plaintiff's letter on to a lieutenant for investigation, and based on the results of that investigation, Hollander determined that "[t]here is no evidence to substantiate this complaint." Dkt. #43-2 at 4-5.

It also appears that plaintiff filed a grievance with the IGRC on April 22, 2004. In a memorandum dated May 5, 2004, the IGRC advised plaintiff that because of a problem with the IGRC's computers, plaintiff would have to resubmit his grievance. Dkt. #43-2 at 7. Apparently plaintiff did so, because on or about May 20, 2004, he received a response from the IGRC concluding that his "claims have been completely investigated and there have been found no claim of wrongdoing." Dkt. #43-2 at 9.

Plaintiff states that he appealed that decision to the superintendent. The copy of the IGRC response form submitted by plaintiff indicates that he checked the box marked "I wish to appeal to the Superintendent," although there is no other indication on that form that the appeal was sent to or received by the superintendent. Dkt. #43-2 at 9.[1]

---

[1]Curiously, the form states that the IGRC's response was returned to plaintiff on May 21, 2004, but when he signed it, plaintiff dated his signature May 20, 2004.

Plaintiff next states that he "appealed Superintendent's decision to Correctional Services in Albany ... ." Dkt. #43 ¶ 5. In support of that assertion he has submitted a superintendent's decision dated October 5, 2004, denying plaintiff's grievance concerning the pat-frisk. The decision did not address the mattress issue.

The form indicated that if plaintiff wished to appeal the superintendent's decision to CORC, he should sign it and return it to the IGRC. Plaintiff did sign the form, and the copy he has submitted is stamped "Received" by the IGRC on October 7, 2004.

The reason that the superintendent's decision addressed only the pat-frisk claim is explained in a letter to plaintiff from Inmate Grievance Program Director Thomas Eagen, dated September 21, 2004, apparently in response to a letter that plaintiff had written to Assistant Commissioner McSweeney on August 9, 2004. Eagen stated that due to some error, plaintiff's grievance concerning the mattress issue "had mistakenly contained a separate grievance which addressed pat frisk procedures." Eagen said that the grievance concerning the mattress "ha[d] been appealed to the Superintendent," and that "the pat frisk concern has been filed as [a separate grievance] on September 15, 2004." Dkt. #43-2.

In his motion papers, plaintiff states he was granted parole and released from DOCS custody on December 28, 2004. He states that he never received a decision from CORC, although he contends that both CORC and Orleans "knew [his] address."[2]

---

[2]The DOCS inmate lookup service, http://nysdocslookup.docs.state.ny.us, indicates that plaintiff was returned to custody in December 2005, re-released in February 2006, and returned to custody on a new conviction in June 2007.

Based on the parties' submissions, I conclude that plaintiff has satisfied the exhaustion requirement. Even assuming that CORC never received an appeal from him concerning either the mattress or pat-frisk matters, it appears that plaintiff made reasonable efforts to pursue his grievances, including appealing them to CORC, but that his efforts were stymied by circumstances beyond his control.

The problems with plaintiff's grievances began early in the process, when the IGRC informed plaintiff that he would have to resubmit his grievance due to a glitch of some kind in the IGRC's computers. Although plaintiff apparently overcame that obstacle, the difficulties continued when it was found that two grievances had erroneously been filed together, which required that one of them be refiled separately.

The record further indicates that plaintiff sought to appeal the superintendent's decision concerning the pat-frisk claim, and that the IGRC timely received a copy of that decision signed by plaintiff, indicating his desire to appeal. According to the form, that was all that was required of plaintiff for him to appeal to CORC.

What became of the mattress grievance is not apparent, nor is it clear why CORC would have no record of the appeal concerning the pat-frisk. Considering the confusion and missteps that seem to have occurred within DOCS, however, I do not believe that it be equitable to penalize plaintiff for the apparent absence of any decision on his grievances by CORC. Rather, I conclude that this case presents a situation in which DOCS itself frustrated plaintiff's attempts at exhaustion, and that defendants are therefore estopped from raising non-exhaustion as a defense, or in the alternative, that "special circumstances" exist that excuse plaintiff's failure to exhaust. *See*, *e.g.*, *O'Connor v.*

*Featherston*, No. 01 CIV. 3251, 2002 WL 818085, at *2-*4 (S.D.N.Y. Apr. 29, 2002) (motion to dismiss denied where inmate made "substantial" efforts to comply with the exhaustion requirement that were repeatedly impeded by prison officials). Defendant's motion for summary judgment is therefore denied.

At the same time, however, plaintiff's cross-motion for summary judgment must also be denied. A finding in plaintiff's favor on the exhaustion issue means only that he has cleared a procedural hurdle to his lawsuit. Factual issues remain to be decided with respect to the merits of his claims. Whether those issues may at some point be properly disposed of on a motion for summary judgment, on a more complete record than the one before me, remains to be seen, but at this point summary judgment would plainly be premature.

## CONCLUSION

Defendant's motion for summary judgment (Dkt. #28) and plaintiff's cross-motion for summary judgment (Dkt. #43) are denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
August 3, 2010.